UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIJIN KIM,

        Plaintiff,

v.

        Case No. 24-13272
        Hon. Jonathan J.C. Grey

ASIA AUTOMOTIVE AMERICA, INC.,
ASIA CO. LTD., and SENGJA SIN,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE ORDER DISMISSING ASIA CO. LTD. AS A DEFENDANT (ECF Nos. 23, 24),** [1] **VACATING ECF No. 17, REINSTATING ASIA CO. LTD. AS A DEFENDANT, AND ORDERING DEFENDANT ASIA CO. LTD. TO FILE A RESPONSIVE PLEADING**

I.    INTRODUCTION

On December 9, 2024, Plaintiff Mijin Kim filed a complaint against defendants Asia Automotive America, Inc. ("AAA"), Asia Co. Ltd., and Sengja Sin ("Sin"). (ECF No. 1.) On April 23, 2025, the Court issued Kim an order to show cause that:

> **ORDERED THAT PLAINTIFF SHALL NOTIFY THE COURT**, **on or before May 9, 2025**, how plaintiff plans to proceed against Asia Co. Ltd. **Failure to timely file its "Plan to Litigate" will result in dismissal of the case against Asia Co. Ltd. pursuant to Local Rule 41.2.**

---

[1] In this Order, the Court treats the two motions (ECF Nos. 23, 24) as one motion.

(*See* ECF No. 15, PageID.167 (emphasis in original).)

On May 13, 2025, after Kim did not timely notify the Court of a plan to litigate or file anything new on the docket, the Court dismissed Kim's cause of action with respect to Defendant Asia Co. Ltd. on May 13, 2025. (*See* ECF No. 17.) Later that day, Kim filed a response to the order to show cause, wherein: (1) her counsel stated that she had inadvertently missed the notice from the Court requiring the plan to litigate with respect to Asia Co. Ltd.; and (2) she advised the Court of her plan to litigate against Asia Co. Ltd. (ECF No. 19.)

At a scheduling conference held on June 26, 2025, Kim requested that Asia Co. Ltd.'s dismissal be set aside. When defendants denied concurrence, the Court advised Kim that she would have to file a motion. A week later, Kim filed a motion to set aside order dismissing Asia Co. Ltd. as a defendant (ECF No. 23), a motion she amended two days later to include an attachment showing that Asia Co. Ltd. had been served been served with the summons and complaint on May 2, 2026. (*See* ECF No. 24.) Both Sin and AAA filed responses to Kim's motion. (ECF Nos. 25, 26.) As the parties have adequately briefed the motion, the Court

considers it without oral argument. E.D. Mich. L.R. 7.1(f). For the following reasons, the Court **GRANTS** the motion.

## II.  ANALYSIS

The Supreme Court has stated:

> With regard to determining whether a party's neglect of a deadline is excusable, we are in substantial agreement with the factors identified by the Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Kim asserts that her counsel mistakenly expected this Court to issue an order to show cause regarding service on Asia Co. Ltd. and had even consulted with a colleague regarding the issue. Kim's counsel confesses that she did not notice the Court's order to file a plan to litigate when she received the April 23, 2025 order, which also granted an attorney's motion to withdraw. For that reason, which Kim's counsel concedes was her fault, Kim did not file a timely response. As a result, the Court dismissed Asia Co. Ltd.

The Court finds Kim's basis for failing to comply with the Court's order to file a plan to litigate reflects negligence and neglect. However, upon an evaluation of all the relevant circumstances surrounding that failure, the Court concludes that Kim's stated reasons for that neglect are credible and excusable, and that Kim has demonstrated good cause for the untimely response.

Notwithstanding AAA's and Sin's claims, the Court also finds that, at the time the motion was filed and briefed, there would not be significant prejudice to AAA and Sin if Asia Co. Ltd. were reinstated as a defendant. Although it may be necessary to extend the case's timeline to allow for additional motion(s) or discovery, it is undisputed that Asia Co. Ltd. is the parent company of defendant AAA and defendant Sin sits on the Asia Co. Ltd. board of directors. Further, the complaint alleges the defendants have an integrated relationship, and both AAA's and Sin's response briefs reflect that integrated relationship vis a vis their detailed explanations about what will happen if Asia Co. Ltd. is reinstated as a defendant. They both reference one or more expected Asia Co. Ltd. motions to dismiss, including for "for insufficient service, lack of personal jurisdiction, or other reasons." (ECF No. 25, PageID.232–233; *see also*

ECF No. 26, PageID.244.) As such, since the three defendants are intertwined, there likely will be little unique discovery.

Given the relationship of the defendants, the Court also lends little credence to AAA's and Sin's contentions that they have been or will be prejudiced in discovery because they do not know whether Asia Co. Ltd. will be a party to the case. Finally, the Court rejects AAA's contentions that: (1) the deadline to amend the pleadings or join parties had passed since Asia Co. Ltd. was named as a party in the complaint, and the complaint includes allegations against Asia Co. Ltd.; and (2) there are "other complicating factors due to the cultural differences between the Parties and the jury pool in the Eastern District of Michigan," as the composition of the jury pool is irrelevant to conducting discovery. (ECF No. 26, PageID.245.)

Accordingly, for the reasons stated above and taking into account all the relevant circumstances, the Court find that the equitable resolution is to grant the motion to set aside the order dismissing Asia Co. Ltd. and permit Kim to pursue her cause of action against all the defendants named in her complaint, including Asia Co. Ltd.

Therefore, **IT IS ORDERED** that Kim's motion to set aside order dismissing Asia Co. Ltd. (ECF Nos. 23, 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that Asia Co. Ltd. is **REINSTATED** as a defendant, and the order dismissing Asia Co. Ltd. (ECF No. 17) is **VACATED**.

**IT IS FURTHER ORDERED** that Asia Co. Ltd. **SHALL FILE** a responsive pleading **on or before June 1, 2026**.

**SO ORDERED.**

<u>**s/Jonathan J.C. Grey**</u>
Jonathan J.C. Grey
Date: March 30, 2026      United States District Judge

6

## <u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2026.

<u>s/</u> **S. Osorio**
Sandra Osorio
Case Manager